UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



NICOLLE CONYERS )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:12CV458-JRS
)
VIRGINIA HOUSING )
DEVELOPMENT AUTHORITY, )
*et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' respective Motions to Dismiss (ECF Nos. 11, 13) pursuant to Fed. R. Civ. P. 12(b)(6). *Pro se* Plaintiff Nicolle Conyers ("Plaintiff") alleges that Defendants Virginia Housing and Development Authority ("VHDA"), Christine Cavanaugh ("Cavanaugh"), and Mark McBride ("McBride")[1] unlawfully discharged and retaliated against her based on her race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") during her employment with VHDA. All parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

---

[1] A fourth defendant, Susan Dewey, was terminated from the case on July 17, 2012. (*See* Compl.; Pl.'s Am. Compl.)

Cavanaugh and McBride have jointly moved to dismiss (ECF No. 13) Plaintiff's Amended Complaint with prejudice on the ground that, as individual supervisors, Cavanaugh and McBride cannot be held individually liable for violations of Title VII. For the reasons discussed below, Cavanaugh and McBride's Motion to Dismiss will be GRANTED. VHDA has moved to dismiss (ECF No. 11) Plaintiff's Amended Complaint with prejudice on the ground that Plaintiff's allegations do not state a claim under Title VII either of unlawful sex or race discrimination, or of retaliation. For the reasons discussed below, VHDA's Motion to Dismiss will be DENIED.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the allegations are as follows.

Plaintiff, an African-American female, was formerly employed in the Information Technology Services ("ITS") department at VHDA. In April 2010, Cavanaugh, a Human Resources generalist at VHDA, placed Plaintiff on probation for violating company policy, although Cavanaugh refused to specify which policy Plaintiff allegedly violated. Two weeks later, Cavanaugh suspended Plaintiff for "conducting a root cause analysis that only [Plaintiff] was assigned to perform and qualified to conduct." (Pl.'s Am. Compl. ¶ 9.) When Plaintiff questioned the suspension, Cavanaugh threatened her with termination.

2

In May 2010, Cavanaugh told Plaintiff that she would be terminated for "hanging out in front of the ITS Director's office," despite the fact that Plaintiff was conducting official VHDA business. (Pl.'s Am. Compl. ¶ 10.) Plaintiff then reported to Human Resources her belief that the personnel rules were being arbitrarily enforced and that her civil rights were being violated, but this complaint was never investigated.

In June 2010, Cavanaugh refused to allow Plaintiff to participate in a professional developmental assignment that would have fulfilled an assigned objective, whereas Plaintiff's white male coworkers were allowed to participate in this assignment. When Plaintiff inquired about the assignment, Cavanaugh answered that Plaintiff was not in good standing. Plaintiff was not on probation or suspension at the time. In July 2010, Plaintiff was the subject of a year-end performance review where she was given a poor rating for the objective that would have been fulfilled if she had been allowed to participate in the June 2010 professional developmental assignment.

From May to October 2010, Plaintiff's co-workers reported one white male team member for "poor work performance, poor customer service and poor attitude." (Pl.'s Am. Compl. ¶ 21.) VHDA superiors responded by saying "[s]top tattling," "you just pick up his slack," or "don't worry about it." (Pl.'s Am. Compl. ¶ 21.) This employee "was never subjected to any disciplinary action when he missed deadlines, submitted subpar quality work, or questioned management's decisions." (Pl.'s Am. Compl. ¶ 21.)

In a meeting on November 23, 2010, Plaintiff recommended that McBride forward a project update to an assistant director and managing director. When McBride stated that he would not do so, a disagreement ensued between Plaintiff and McBride, during

which Plaintiff told McBride: "Now I am angry. I am tired of the false accusations and harassment from you," and listed examples of prior accusations and harassment. (Pl.'s Am. Compl. ¶ 6.) Plaintiff returned to her desk, where McBride then approached her, and "using his left leg against the back of her chair, pinned her to her desk." (Pl.'s Am. Compl. ¶ 7.) McBride yelled at Plaintiff for ending the prior conversation and stated that they would discuss the incident the next day during a scheduled meeting. When Plaintiff replied that she would not be present the next day because it was a scheduled vacation day, McBride yelled, "[d]on't ever expect me to help you," and proceeded to schedule an appointment with Cavanaugh and reported Plaintiff for insubordination. (Pl.'s Am. Compl. ¶ 7.) As a result, Plaintiff was terminated on December 9, 2010.

On or about March 9, 2011, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter from the EEOC on or about April 1, 2012.[2] (Pl.'s Am. Compl. ¶ 33.) This action was filed on June 22, 2012.[3] On July 17, 2012, Plaintiff filed an Amended Complaint alleging claims pursuant to Title VII of the Civil Rights Act of 1964. Count I alleges employment discrimination in Plaintiff's discharge on the basis of race and/or sex, and Count II alleges that Plaintiff was retaliated against for making a complaint regarding employment discrimination to her employer.

---

[2] The Notice of Right to Sue from the EEOC that Plaintiff received was dated March 26, 2011. (Pl.'s Am. Compl. ¶ 33.)

[3] On June 26, 2012, the Clerk filed Plaintiff's Complaint pursuant to an Order (ECF No. 2) entered by this Court granting Plaintiff leave to proceed *in forma pauperis*.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). A court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)). The pleadings need not make "detailed factual allegations," *id.*, but they must allege sufficient facts, accepted as true, to "state a claim for relief that is plausible on its face," *id.* at 570. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *id.* at 678, and "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

A court must typically construe a *pro se* plaintiff's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), especially in a civil rights case. *See Brown v. N.C. Dep't of Corrections*, 612 F.3d 720, 722 (4th Cir. 2010) ("'[l]iberal construction

of the pleading is particularly appropriate' because it 'is a pro se complaint raising civil rights issues'") (internal citations omitted); *also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, the court may not construct legal arguments that the plaintiff has not presented. *Farabee v. Feix*, 119 Fed. App'x 455, 458 n.2 (4th Cir. 2005); *see also Adam v. Wells Fargo Bank, N.A.*, No. 1:09-CV-2387, 2010 WL 3001160, at *2 (D. Md. July 28, 2010). The court is not required to accept a *pro se* plaintiff's legal conclusions that are presented as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

While Plaintiff's Amended Complaint presents two counts, it appears that Plaintiff asserts at least four Title VII claims based on race and sex: (1) employment discrimination, (2) retaliation, (3) hostile work environment, and (4) civil conspiracy. The Court addresses each claim with respect to both Motions to Dismiss, noting that in order to survive a motion to dismiss, Plaintiff's allegations need only allow the Court to reasonably infer the existence of the prima facie elements. *See Iqbal*, 556 U.S. at 679.

### A. Motion to Dismiss filed by Cavanaugh and McBride

Cavanaugh and McBride jointly move to dismiss Plaintiff's Amended Complaint on the ground that "[i]t is well settled in the Fourth Circuit that individual supervisors like Cavanaugh and McBride are not 'employers,' as Title VII defines that term, and therefore, not subject to employer liability under Title VII." (D.'s Mot. Dismiss at 1.)

Plaintiff's claims rely on Title VII, which does not create liability for employees acting in their individual capacities. *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)); *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180-81 (4th Cir. 1998) ("The 1991 amendments further bolster our conclusion that individuals are not liable under [Title VII]. . . . Had Congress felt that individual liability was needed to deter unlawful harassment and intentional discrimination, surely it would have included this remedy in the 1991 Amendments.") (internal citations and quotation marks omitted). It is apparent here that Plaintiff seeks to state Title VII claims against Cavanaugh and McBride in their individual capacities. Therefore, the Court GRANTS the Motion to Dismiss filed by Cavanaugh and McBride such that Counts I and II are DISMISSED with respect to the Individual Defendants.

### B. Motion to Dismiss filed by VHDA

VHDA seeks dismissal of Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, VHDA argues that Plaintiff's allegations, taken as true, do not state a plausible claim that Defendants' actions were motivated by Plaintiff's race or sex. Further, VHDA argues that Plaintiff failed to establish that she engaged in protected activity, firstly, because her complaints to VHDA did not allege that she was treated differently due to her race or sex, and secondly, because she did not complain of conduct actually made unlawful by Title VII or have a reasonable belief that Defendants' conduct was unlawful. The Court now examines each of the Title VII claims presented, applying the standard that the allegations need only state a claim that is "plausible on its face," *Twombly*, 550 U.S. at 570, in order to survive VHDA's Motion to Dismiss.

7

## 1. Employment Discrimination

Plaintiff alleges in Count I that she was discharged in violation of Title VII due to employment discrimination based on race and sex. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1). Title VII further prohibits an employer from "limit[ing] . . . his employees . . . in any way which would . . . adversely affect his status as an employee, because of such individual's race . . . [or] sex." 42 U.S.C. § 2000e-2(a)(2). In considering whether the allegations raise more than a speculative inference that Plaintiff has a right to relief, the *prima facie* elements for employment discrimination are: (1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and, (4) different treatment from similarly situated employees outside the protected class. *Coleman*, 626 F.3d at 190.

A plaintiff seeking to establish unlawful employment discrimination "need not demonstrate that the prohibited characteristic was the sole motivating factor to prevail, so long as it was a motivating factor." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004); *see* 42 U.S.C. § 2000e-2(m) ("an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.") Accordingly, "it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons." *Hill*, 354 F.3d at 284.

8

A liberal construction of Plaintiff's allegations leads the Court to conclude that the pleadings sufficiently state a plausible claim of employment discrimination based on race and sex. Plaintiff is an African-American woman and alleges that Cavanaugh denied her a professional developmental opportunity that was granted to all of Plaintiff's white male coworkers who also requested it. Plaintiff was purportedly placed on probation, suspended, threatened with termination, and ultimately discharged, while she claims that a white male team member who was repeatedly reported for poor performance, attitude, and customer service was never disciplined. Based on the various allegations of Defendants treating Plaintiff disparately from similarly situated white and male coworkers, and the alleged adverse employment action suffered by Plaintiff—including her discharge—the Court finds that Plaintiff has sufficiently stated a plausible claim under Title VII of employment discrimination based on race and sex.

### 2. Retaliation

Count II alleges that Plaintiff was retaliated against in violation of Title VII after complaining to her employer about discrimination experienced on the job. To state a *prima facie* case of retaliation under Title VII, a plaintiff must plausibly show that (1) she engaged in protected activity, (2) her employer took some adverse action against her, and (3) a causal connection existed between the protected activity and the adverse action. *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 458 (4th Cir. 2002). Protected activity under Title VII includes opposing discriminatory practices in the workplace, *see* 42 U.S.C. § 2000e-3(a), or objecting to employment practices that the plaintiff "reasonably believes is unlawful," even if the conduct does not itself violate Title VII, *Jordan v. Alternative Res.*

*Corp.*, 458 F.3d 332, 338 (4th Cir. 2006) (citations omitted).

Plaintiff alleges that "when [she] reported or complained about the discrimination, her complaints either went ignored, trivialized or met with retaliation." (Pl.'s Am. Compl. ¶ 22.) Specifically, Plaintiff asserts that after she complained to Cavanaugh of mistreatment, Cavanaugh denied Plaintiff the opportunity to participate in the needed June 2010 professional developmental assignment. (Pl.'s Am. Compl. ¶ 11.) Plaintiff also alleges that after she complained to McBride that she was tired of being falsely accused and harassed, McBride pinned Plaintiff to her desk, and after further argument, scheduled a meeting with Cavanaugh and reported Plaintiff for insubordination. (Pl.'s Am. Compl. ¶ 7.) Plaintiff also bases her retaliation claim on allegations that her May 2010 complaint to Human Resources was ignored. (Pl.'s Am. Compl. ¶ 6-7.)

While Plaintiff's allegations that her complaints were ignored do not, standing alone, suffice for a retaliation claim,[4] upon a liberal reading of the remaining allegations, the Court is satisfied that Plaintiff has stated a plausible claim that she engaged in protected activity and suffered adverse employment action. Despite VHDA's claims that Plaintiff did not reasonably believe that Defendants' conduct was unlawful when she complained to Human Resources, the Court has already indicated, *supra* at Section III(B)(1), that Plaintiff states a plausible claim of unlawful discrimination. Plaintiff thus reasonably believed that she was engaging in protected activity, and suffered adverse

---

[4] *See Chapman v. Geithner*, No. 1:11-CV-1016, 2012 U.S. Dist. LEXIS 61078, at *34-35 (E.D. Va. April 30, 2012) (finding that plaintiff's allegations of manager non-responsiveness to plaintiff's complaints of sex discrimination did not raise a reasonable inference that the failure to respond to the complaints was motivated by plaintiff's sex or plaintiff's history of discrimination complaints).

10

action when she was denied a needed assignment, reported for insubordination, and terminated.

Furthermore, a prima facie case of causality is "certainly satisfie[d]" when adverse action comes after the employer learns that the plaintiff has filed a discrimination charge. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (finding a prima facie causal connection between appellant's termination and her filing of a discrimination charge because she was fired after her employer learned of the discrimination claim). This causal connection is strengthened by a short period of time between the protected activity and adverse action. *See Carnell Constr. Corp. v. Danville Redev. & Hous. Auth.*, No. 4:10CV00007, 2012 U.S. Dist. LEXIS 6995, at * 46-47 (W.D. Va. Jan. 23, 2012) (finding a sufficient inference of a causal connection for a retaliation claim when plaintiff was removed from a project less than a month after he complained of discrimination); *Francisco v. Verizon South, Inc.*, 756 F.Supp.2d 705, 725 (E.D. Va. 2010) ("[c]ircumstantial evidence [of retaliation] may be established by close temporal proximity.") *See also Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists").

In this case, Plaintiff claims that when she complained to McBride on November 23, 2010, McBride reported her for insubordination, and Plaintiff was terminated by December 9, 2010. Similarly, Plaintiff claims that when she complained to Cavanaugh of mistreatment in May 2010, she was denied a needed professional developmental

11

opportunity in June 2010. Considering the very short time frames in each of these incidents between Plaintiff's protected activity and Defendants' alleged conduct, the Court is satisfied that Plaintiff has stated a plausible retaliation claim under Title VII.

### 3. Hostile Work Environment

Plaintiff further alleges that Defendants have violated Title VII by creating a hostile work environment. (*See* Pl.'s Am. Compl. ¶ 22.) Because "an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." *EEOC v. Central Wholesalers, Inc.*, 573 F.3d 167, 174 (4th Cir. 2009) (quoting *EEOC v. R & R Ventures*, 244 F.3d 334, 338 (4th Cir. 2001)) (internal quotation marks omitted). To properly state a *prima facie* case of hostile work environment based on race or sex, a plaintiff must show that alleged conduct (1) was unwelcome, (2) was because of race or sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment, and (4) was imputable to her employer. *See Pueschel v. Peters*, 577 F.3d 558, 564-65 (4th Cir. 2009). In analyzing whether harassment is severe and pervasive, courts generally consider the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 335 (4th Cir. 2010) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993))).

In the instant case, the Court finds that Plaintiff has not pled facts sufficient to state a plausible hostile work environment claim. The Court is satisfied that Defendants'

12

conduct as alleged was unwelcome given Plaintiff's many complaints to her superiors and Human Resources personnel. Further, Plaintiff has sufficiently alleged that she was discriminated against because of her race or sex, *supra* at Section III(B)(1). However, "[t]he standard for proving a hostile work environment is intentionally set very high, in order to 'filter out complaints attacking the ordinary tribulations of the workplace." *Middlebrooks v. Winter*, No. WGC-05-3209, 2008 U.S. Dist. LEXIS 123312, at *87-88 (D. Md. Mar. 19, 2008) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations omitted)). Although Plaintiff claims that McBride physically pinned her to her desk, and generally that he yelled at her, "badgered," and treated her disrespectfully (*see* Pl.'s Am. Compl.), these facts do not establish that Defendants' conduct was sufficiently severe or pervasive to alter the terms of her employment. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008 ) ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard . . . complaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII.") (internal citations, alterations, and quotation marks omitted); *see Holleman v. Colonial Heights Sch. Bd.*, No. 3:11-CV-414, 2012 U.S. Dist. LEXIS 23325, at *18-19 (E.D. Va. Feb. 23, 2012). Accordingly, Plaintiff has failed to state a plausible hostile work environment claim.

### 4. Civil Conspiracy

Plaintiff seeks leave to amend her complaint to include a Civil Conspiracy claim

against Defendants. Although Plaintiff does not cite a specific statute in support of the claim, the Court assumes that she relies upon Va. Code Ann. §§ 18.2-499 and -500. § 18.2-499, in relevant part, reads as follows:

> Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor.

With respect to §§ 18.2-499 and -500, the Fourth Circuit has held: "[i]n an unbroken line of federal district cases . . . the federal district courts in Virginia have consistently held that a right of action is 'afforded [under these statutes] only when malicious conduct is directed at one's *business*, not one's *person*,' and that the statute 'focuses upon conduct directed at property, *i.e.*, one's business' and applies only to 'conspiracies resulting in business-related damages.'" *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985); *Andrews v. Ring*, 266 Va. 311, 319 (2003) (holding that §§ 18.2-499 and -500 do not apply to personal or employment interests); *Shirvinski v. United States Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (finding that §§ 18.2-499-500 did not apply because Plaintiff alleged injuries only to his personal employment prospects). Here, Plaintiff's allegations of Civil Conspiracy exclusively concern her employment prospects with VHDA: "Plaintiff alleges . . . that Chris Cavanaugh and the other Defendants agreed to make her working conditions intolerable in a deliberate effort to force Plaintiff to resign or cause termination." (Pl.'s Memo. Opp. Def.'s Mot. Dismiss 8.) Therefore, Plaintiff fails to state a plausible claim for civil conspiracy since the conspiracy alleged relates

14

only to Plaintiff's personal interests rather than to any business interests.

A party may amend its pleadings once as a matter of course, and thereafter, with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a). The "court should freely give leave when justice so requires," *id.*, but "[a] court may refuse to allow leave to amend pleadings when the proposed changes would be futile," *New Beckley Mining Corp. v. Int'l Union, United Mine Workers*, 18 F.3d 1161, 1164 (4th Cir. 1994). To the extent that Plaintiff seeks leave to amend her complaint to include a Civil Conspiracy claim under Virginia Code Ann. §§ 18.2-499 and -500, this Court finds that Plaintiff has failed to sufficiently allege a claim. Because the proposed amendment would be futile, the Plaintiff's request for leave to amend her Complaint is DENIED.

## IV. CONCLUSION

For these reasons, the Court GRANTS the Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendants Cavanaugh and McBride with respect to Counts I and II of Plaintiff's Amended Complaint and DISMISSES these Counts against Defendants Cavanaugh and McBride. The Court DENIES Defendant VHDA's Motion to Dismiss with respect to Counts I and II of Plaintiff's Amended Complaint. In addition, the Court DENIES Plaintiff's request for leave to amend her Complaint.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Dated: Sep 7, 15, 2012
Richmond, Virginia